UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GROVER C. MCPHAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00432-JPH-MJD |
| | ) | |
| MADISON COUNTY SHERIFF'S | ) | |
| DEPARTMENT et al., | ) | |
| MADISON COUNTY COMMUNITY JUSTICE | ) | |
| CENTER, | ) | |
| MADISON COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Order for Interlocutory Appeal, Screening Amended
Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

Plaintiff Grover McPhaul is an inmate at Wabash Valley Correctional Facility. He brings

this action alleging constitutional violations stemming from an incident that occurred at the

Madison County Community Justice Center ("MCCJC").

Mr. McPhaul's complaint was dismissed for failure to state a claim, and he was provided

an opportunity to amend his complaint. Dkt. 6. His amended complaint, dkt. 21, is now the

operative complaint and is subject to screening pursuant to 28 U.S.C. § 1915A(b).

**I. Motion for Certified Order for Interlocutory Appeal**

Mr. McPhaul's original deadline to file an amended complaint was October 12, 2020.

Dkt. 6. He requested and received several extensions of time to file an amended complaint due to

limited access to the law library and fatigue from contracting COVID-19. Dkts. 8, 14, 16, 19. On

January 27, 2021, Mr. McPhaul filed a motion for certified order for interlocutory appeal and stay

1

under 28 U.S.C. § 1292(b) alleging that the Court's extensions were insufficient. Because Mr. McPhaul was able to file an amended complaint, his motion, dkt. [20], is **denied as moot**.

## II. Screening of the Amended Complaint

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Thus, for the amended complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. McPhaul are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. Plaintiff's Amended Complaint

Mr. McPhaul brings this action under 42 U.S.C. § 1983. He names fourteen defendants: (1) the Madison County Board of Commissioners, (2) Kelly Gaskill, (3) John Richwine, (4) Mike Phipps, (5) the Madison County Sheriff's Department, (6) Sheriff Scott Mellinger, (7) Lieutenant Darwin Dwiggins, (8) Sub-Contractor S & R Medical; (9) MCCJC,[1] (10) Supervisor Mason Brizzindine; (11) Officer Caleb Garrett; (12) Officer Nick Robinson; (13) Officer Austin Bentley;

---

[1] MCCJC is a jail overflow facility located in Anderson, Indiana. *McPhaul v. State*, 132 N.E. 3d 939, 2019 WL 4125324 at *1 (Ind. Ct. App. Aug. 30, 2019).

and (14) Officer Nick Henderson. Mr. McPhaul alleges violations of the Fourth, Eighth, and Fourteenth Amendments.

According to his amended complaint, on August 20, 2018, Mr. McPhaul was in the dorm area of the MCCJC when he tossed a meal tray toward the floor that bounced and hit a control booth window. Control booth officer Nick Henderson summoned other officers to remove Mr. McPhaul from the dorm area. About an hour earlier, Mr. McPhaul had approached the control booth window to request to speak to a supervisor, and Officer Henderson told him to move away from the window or Mr. McPhaul would be "thrown in isolation." Dkt. 21 at 1. Mr. McPhaul asked for Officer Henderson's name, but Officer Henderson seemingly did not respond.

Officer Austin Bentley and Officer Nick Robinson were first to respond to Officer Henderson's call for assistance. Officer Robinson approached Mr. McPhaul in the dorm bathroom and grabbed his arm, while Officer Bentley emerged from behind a bathroom wall and lunged at Mr. McPhaul. The three men fell to the ground, and Mr. McPhaul rolled onto his stomach with his hands behind his back to submit to restraints. However, the officers beat Mr. McPhaul. Another officer, Caleb Garrett, arrived and immediately began to beat and kick Mr. McPhaul. All three officers applied a controversial pressure point neck restraint to Mr. McPhaul.

Mr. McPhaul sustained several injuries that resulted in migraines and pain in his stomach and side. Mr. McPhaul requested medical assistance from S & R Medical ("S & R"), but received none.

After the altercation, Officers Henderson, Garret, Robinson, and Bentley admitted that there was no damage to the control booth window and there was no policy about how meal trays should be stacked. Mr. McPhaul was not written up or disciplined for the incident. He alleges that pursuant to Indiana Criminal Code 35-42-2-1, the officers were considered de facto law

enforcement officers. But unlike certified law enforcement officers, they were not trained in proper use of force or de-escalation tactics.

The security supervisor Mason Brizzidine refused to save all video from the incident as Mr. McPhaul requested. Rather, he "cherry picked the portions of the video he wanted to save for prosecution purposes only." Dkt. 21 at 2. Mr. Brizzidine failed to supervise or control the subordinate officers and acquiesced to their conduct.

Lt. Darwin Dwiggins, chief detective of the Madison County Sheriff's Department, conducted an incomplete investigation of the altercation. At the conclusion of his investigation, Mr. Dwiggins forwarded the file to the Madison County Prosecutor's Office, recommending that Mr. McPhaul be charged with two counts of battery on a public safety officer and one count of criminal mischief. Mr. McPhaul was charged about 31 days after the incident, but the complete video of the incident was erased after 30 days. Mr. McPhaul alleges that Lt. Dwiggins failed to evaluate whether Mr. McPhaul acted in self-defense before making the recommendation.

Mr. McPhaul alleges that Sheriff Scott Mellinger and the MCCJC have a custom of allowing corrections officers to do the duties of law enforcement officers without the requisite training which resulted in the use of excessive force, and that Sheriff Mellinger failed to properly train and supervise the officers.

He alleges the Sheriff and "Madison County et al."[2] had unconstitutional policies that resulted in excessive force, a cover-up of the bad investigation, malicious prosecution, and a failure to investigate grievances. Dkt. 21 at 3.

He alleges the Madison County Board of Commissioners and its members—Kelly Gaskill, John Richwine, and Mike Phipps—are responsible for overseeing and approving funding related

---

[2] It is not clear if Mr. McPhaul is referring to the Madison County Board of Commissioners or Madison County Sheriff's Office.

to the training needs of county employees and subcontractors, and they acquiesced in permitting corrections staff to act as law enforcement officers without proper training.

### C. Discussion

Mr. McPhaul's claims that Officers Robinson, Bentley, and Garrett used excessive force when trying to restrain him **shall proceed**. In *Kinglsey v. Hendrickson*, the Supreme Court held that claims alleging that jail officers used excessive force against pretrial detainees are derived from the Due Process Clause of the Fourteenth Amendment. 576 U.S. 389, 397 (2015). Thus, if Mr. McPhaul was a pretrial detainee, his claim will proceed under the Fourteenth Amendment, but if he was a convicted prisoner, the claim will proceed under the Eighth Amendment. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, Mr. McPhaul's Fourth Amendment claim is **dismissed**. As Justice Alito observed in his dissent in *Kingsley*, whether a pretrial detainee can bring a Fourth Amendment claim based on the use of excessive force by a jail employee remains an open question. *Kingsley*, 576 U.S. at 408 (J. Alito, dissenting). However, because the analysis would be "indistinguishable for the substantive due process claim" recognized in *Kingsley*, *id.*, no harm results from Mr. McPhaul proceeding on the claim pursuant to the Fourteenth Amendment rather than the Fourth.

Mr. McPhaul's claims that Sheriff Mellinger and the Madison County Board of Commissioners had an unconstitutional practice or policy wherein they did not properly train correctional officers in the proper use of force **shall proceed**. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978), to claim against Sheriff Department). Any claims against the

Madison County Sheriff's Office or the Madison County Commissioner members (Kelly Gaskill, John Richwine, and Mike Phipps) in their official capacity are **dismissed**, as they would be duplicative of the official-capacity claims against Sheriff Mellinger and the Madison County Commissioner.

Any claims against Sheriff Mellinger, Kelly Gaskill, John Richwine, and Mike Phipps in their individual capacity are **dismissed** for failure to state a claim upon which relief can be granted. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation and citation omitted). Mr. McPhaul does not allege that the sheriff or commission members were involved in the altercation. Similarly, all claims against Officer Henderson are **dismissed**. Officer Henderson called for assistance after Mr. McPhaul threw the tray, which is not a violation of any right, but he did not participate in the altercation.

Any claims against the MCCJC are **dismissed** for failure to state a claim upon which relief can be granted. The MCCJC is a building and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Mr. McPhaul's claims against S & R are **dismissed** for failure to state a claim upon which relief can be granted. The amended complaint identifies S & R as the "jail medical sub-contractor." Dkt. 21 at 2. The Court thus assumes that S & R contracts with the MCCJC to provide medical care for inmates. Because S & R acts under color of state law by contracting to perform a government function—providing medical care to county jail inmates—it is treated as a government entity for purposes of 42 U.S.C. §1983 claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d

650, 675 (7th Cir. 2012). To prevail on a constitutional claim against S & R under § 1983, Mr. McPhaul would need to show that his rights were infringed by (1) an S & R policy, (2) an S & R practice so widespread that, although not authorized by written or express policy, was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policy making authority for S & R. *Id.* Mr. McPhaul's claim that his kiosk request for medical care was ignored does not support an inference that his rights were violated based on an S & R policy or practice.

Any allegation that Mr. McPhaul was maliciously prosecuted, or that Mr. Brizzindine or Lt. Dwiggins conducted an improper investigation that resulted in his prosecution, must be **dismissed** because Mr. McPhaul's conviction has not been overturned. "In *Heck v. Humphrey*, 512 U.S. 477 (1994), [the Supreme Court] held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Mr. McPhaul was convicted of two counts of battery resulting in bodily injury to a public safety official and one count of criminal mischief. *See McPhaul v. State*, 132 N.E. 3d 939, 2019 WL 4125324 at *1 (Ind. Ct. App. Aug. 30, 2019). One of the issues raised was whether the trial court erred in denying his motion to dismiss due to the failure to preserve video evidence as a violation of *Brady v. Maryland*.[3] *Id.* at *2–4. A successful *Brady* claim "necessarily yields evidence undermining a conviction." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). The Indiana Court of Appeals affirmed his conviction, *McPhaul*, 2019 WL 4125324 at *3–4, and Mr. McPhaul does not

---

[3] In *Brady v. Maryland*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilty or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).

indicate that his conviction has been vacated due to a successful state post-conviction or federal habeas petition.

Accordingly, the only viable claims the Court has identified are excessive force claims against Officers Robinson, Bentley, and Garrett, and policy-or-practice claims against Sheriff Mellinger and the Madison County Board of Commissioners. All other claims are dismissed. If Mr. McPhaul believes he identified additional claims that were not addressed by the Court, he shall have **through May 6, 2021**, to notify the Court.

### III. Service of Process

The **clerk is directed to terminate** Madison County Sheriff's Department and Madison County Community Justice Center as defendants and **to add** Sheriff Scott Mellinger, Officer Caleb Garrett, Officer Nick Robinson, and Officer Austin Bentley as defendants to the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants (1) Madison County Board of Commissioners, (2) Sheriff Scott Mellinger, (3) Officer Caleb Garrett, (4) Officer Nick Robinson, and (5) Officer Austin Bentley in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [21], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

### IV. Conclusion

Mr. McPhaul's motion for certified order for interlocutory appeal and stay under 28 U.S.C. § 1292(b), dkt. [20], is **denied as moot**. Mr. McPhaul's excessive force claims against Officers Robinson, Bentley, and Garrett, and policy-or-practice claims against Sheriff Mellinger and the Madison County Commissioner shall proceed, and all other claims against all other defendants are

dismissed for the reasons discussed in Section II. If Mr. McPhaul believes additional claims were alleged in the amended complaint, he has through **April 29, 2021**, to notify the Court.

**SO ORDERED.**

Date:  4/8/2021

*James  Patrick  Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GROVER C. MCPHAUL
273056
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Madison County Board of Commissioners
Madison County Government Center
16 E. 9th St.
Anderson, IN 46026

Sheriff Scott Mellinger
Madison County Sheriff's Office
720 Central Ave.
Anderson, IN 46016

Officer Caleb Garrett
Madison County Sheriff's Office
720 Central Ave.
Anderson, IN 46016

Officer Nick Robinson
Madison County Sheriff's Office
720 Central Ave.
Anderson, IN 46016

Officer Austin Bentley
Madison County Sheriff's Office
720 Central Ave.
Anderson, IN 46016