UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GROVER C. MCPHAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00432-JPH-MJD |
| | ) | |
| MADISON COUNTY BOARD OF COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion to Dismiss**

Grover McPhaul is an inmate at Wabash Valley Correctional Facility. He brings this action alleging constitutional violations stemming from an incident that occurred at the Madison County Community Justice Center. The defendants move to dismiss the complaint on the basis that Mr. McPhaul's claims were already presented to, and rejected by, another court. As explained in greater detail below, the action is barred by res judicata so the motion to dismiss is **granted**.

**I.      Factual and Procedural Background**

The Court summarizes the facts as alleged by Mr. McPhaul in his amended complaint.

On August 20, 2018, while in the dorm area of the Madison County Center, Mr. McPhaul tossed a meal tray that hit a control booth window. Control booth officer Nick Henderson called other officers to help remove Mr. McPhaul from the dorm area, and Officers Austin Bentley and Nick Robinson responded. The three officers then beat Mr. McPhaul and used a pressure point neck restraint to restrain him.

As a result of this incident, Mr. McPhaul was convicted of two counts of battery resulting in bodily injury to a public safety official and one count of criminal mischief. *See McPhaul v. State*, 132 N.E. 3d 939, 2019 WL 4125324 at *1 (Ind. Ct. App. Aug. 30, 2019).

1

In August 2020, Mr. McPhaul filed this lawsuit. His complaint was dismissed for failure to state a claim, and he was allowed to amend his complaint. The Court screened his amended complaint, permitting excessive force claims to proceed against the individual officers involved in the incident and *Monell* claims to proceed against Sheriff Mellinger and the Madison County Board of Commissioners on the basis that they had an unconstitutional policy or practice of failing to train correctional officers on the proper use of force. Dkt. 23 at 5.

On October 12, 2020, Mr. McPhaul filed a complaint in the Madison County Circuit Court naming the Madison County Sheriff's Department, the Madison County Board of Commissioners, the Madison County Community Justice Center, and Madison County Commissioners John Richwine, Kelly Gaskill, and Mike Phipps as defendants. Dkt. 30-3. The Madison County complaint alleged false arrest and imprisonment, assault and battery, malicious prosecution, negligence, due process violations, emotional pain and distress, cruel and unusual punishment, and abuse of process. *Id.* at 1. Those claims arose from the same August 20, 2018, events that Mr. McPhaul alleges in this case.

The defendants in the Madison County case filed a motion for judgment on the pleadings under Indiana Trial Rule 12(C), arguing that the allegations presented in the complaint were barred by the statute of limitations, the doctrine of collateral estoppel, and *Heck v. Humphrey*."[1] Ex. A at 1. The Madison Circuit Court granted the motion to dismiss as to all defendants, but the order did not identify the specific basis on which the complaint was dismissed. *See* dkt. 30-4 (stating, "Defendants, by counsel, having filed their Motion to Dismiss pursuant to Ind. Trial Rule 12(C), and the Court being duly advised in the premises, now **ORDERS, ADJUDGES AND DECREES**

---

[1] The defendants do not include a copy of the motion as an exhibit. The Court takes judicial notice of this public record and attaches it to this Order as Exhibit A.

2

that this cause should be, and the same is hereby **DISMISSED**, as it pertains to all Defendants. Costs paid.").

The defendants filed the motion to dismiss in this case on the basis that the allegations presented were already adjudicated in the Madison County case.

Mr. McPhaul filed a motion to correct error in the Madison County case, alleging that his response to the defendants' motion to dismiss was not filed. Dkt. 40-1. The Court denied that motion, finding that even if his response had been filed it would not have affected the outcome of the case. *Id.* Mr. McPhaul then moved the Madison County Court for an extension of time to appeal, but the Court denied it finding he failed to show "any excusable reason for not meeting his appellate deadlines." Dkt. 40-2.

## II.   Discussion

### A.   Standard

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018).

### B.   Res Judicata

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent

suit between the same parties or their privies[.]" *Montana v. United States*, 440 U.S. 147, 153 (1979).

Here, the Court looks to Indiana law to determine whether the doctrine of res judicata bars this case. *Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). In Indiana,

> [t]he principle of res judicata is divided into two branches: claim preclusion and issue preclusion. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action.

*First American Title Ins. Co. v. Robertson*, 65 N.E.3d 1045, 1050 (Ind. Ct. 2016) (cleaned up). In this case, the defendants' res judicata defense is based on claim preclusion. Claim preclusion bars a subsequent action when:

(1)   The former judgment was rendered by a court of competent jurisdiction;

(2)   The former judgment was rendered on the merits;

(3)   The matter now in issue was or might have been determined in the former suit; and

(4)   The controversy adjudicated in the former suit was between the parties to the present action or their privies.

*Matter of Eq. W.*, 124 N.E.3d 1201, 1209 (Ind. 2019).

That Mr. McPhaul filed this action before filing the Madison County action does not preclude dismissal based on res judicata. The Madison County action was decided first, so it is the relevant "former suit." *Platt v. CitiMortgage*, 632 F. App'x 294, 295 (7th Cir. 2016) ("When two parallel cases are pending at the same time, the first final judgment will raise the issue of preclusion in the other case.") (citing *Jones v. Am. Family Mut. Ins. Co.*, 489 N.E.2d 160, 164 (Ind. Ct. App.

1986) ("[I]t is elementary that the sequence of judgments, not the sequence of filings, determines which of two cases will act as res judicata for the other.")).

Here, the first element is easily met as there is no dispute that the Madison County Circuit Court had jurisdiction over Mr. McPhaul's state complaint.

The second element is also met because the Madison County court did not state the basis for its dismissal—whether it was based on the statute of limitations, the doctrine of collateral estoppel, *Heck v. Humphrey*, or all three. For purposes of this element, "the *basis* of the earlier decision is unimportant so long as the claim was decided *on the merits*. Thus, a dismissal of a suit may have preclusive effect even if it did not resolve the central controversy." *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271 (7th Cir. 2017) (emphasis in original). An Indiana Trial Rule 12(C) motion "is typically directed toward a determination of the substantive merits of the controversy" and is properly "granted only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 486 (Ind. Ct. App. 2017) (cleaned up). Further, an order that dismisses all claims against all the defendants renders it a final judgment to which res judicata can be applied. *Ball v. Jones*, 52 N.E.3d 813, 819 (Ind. Ct. App. 2016) (citing Ind. App. Rule 2(H)(1)). In other words, the fact that the judge in the Madison County case did not specifically address the underlying allegations in Mr. McPhaul's complaint does not mean that the order dismissing the case does not count as a decision on the merits. *See also Hutchinson v. City of Madison*, 987 N.E.2d 539, 543 (Ind. Ct. App. 2013) ("observing that an adjudication based on the running of a statute of limitation is a judgment on the merits") (citing *Creech v. Town of Walkerton*, 472 N.E.2d 226, 229 (Ind. Ct. App. 1984)); *see also Beyer v. Cormier*, 70 F. App'x 903, 905 (7th Cir. 2003) ("[F]or res judicata

purposes, a decision based on the statute of limitations is a final judgment on the merits of a claim.").

For the third element, "[t]he test generally used for determining whether or not the issue could have been decided previously is the identical evidence test: whether identical evidence will support the issues involved in both actions." *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1047 (Ind. Ct. App. 2011) (internal quotation marks and citation omitted). It does not matter if individual pieces of evidence differ from the two actions. *Id.* at 1047. Rather, the court looks to whether "the same general evidence" would be used to support both actions, whether all the evidence was available from the beginning of litigation, and whether it was a conscious decision to exclude relevant evidence and legal theories from the prior action. *Id.* That element is satisfied here. In both cases, Mr. McPhaul alleges that the correctional officers used excessive force against him during the August 20, 2018, incident due to improper training on the use of force. *Compare* dkt. 21 *with* dkt. 30-3.

Finally, the fourth element is met. The question is whether the Madison County action involves the same defendants or parties that constitute their privies. There is overlap of defendants in the two actions. The Madison County Board of Commissioners are defendants in both. Sheriff Mellinger is sued in his official capacity in this action, and the Madison County Sheriff's Department was a defendant in the Madison County action. Any policy-or-practice claim against Sheriff Mellinger is equivalent to a claim against his department. *See Cano v. Vasquez*, No. 2:16-cv-401, 2016 WL 7475658, *2 (N.D. Ind. Dec. 29, 2016) ("A suit against a public employee in his official capacity is equivalent to a suit against the government entity.") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Officers Robinson, Bentley, and Garrett, however, appear in this case but not in the Madison County case. In *Becker v. State*, 992 N.E.2d 697, 701 (Ind. 2015), the Indiana Supreme Court explained, "A privy is one who after rendition of a judgment has acquired an interest in the subject matter affected by the judgment or whose interests are represented by a party to the action." (cleaned up). Privity exists when there is a "commonality of the parties' substantial interests[,]" and "for res judicata purposes, the court looks beyond the nominal parties and treats those whose interests are involved as the real parties." *Id.* (cleaned up). Mr. McPhaul alleged in his Madison County complaint that he was the victim of "assault and battery . . . and cruel and unusual punishment" due to the officers' use of force during the August 20 incident. Dkt. 30-3 at 2. In both suits, he attributed the alleged excessive force to inadequate training by the Sheriff's Office. Dkt. 21 at 2 and dkt. 30-3 at 2−3, 4−5. Because the officers' interests were affected by the outcome of the Madison County action, they were in privity with the defendants in that case. *See Benton v. Clark Co. Jail*, 586 F. App'x 231, 234 (7th Cir. Dec. 1, 2014) (finding that the Commissioner's Office, who was not named as a defendant in the plaintiff's prior state action, was "in privity with the jail because [plaintiff's] allegations against the office stem from his treatment at the jail." (citing *Becker*, 992 N.E.2d at 700−01). *See also Licari v. City of Chi.*, 298 F.3d 664, 667 (7th Cir. 2002) (noting that government a nd its officers are generally in privity for res judicata).

The Court finds that res judicata applies. The defendants' motion to dismiss, dkt. 30, is **granted** and the Court does not address the other grounds raised by defendants in support of dismissal.

### III.   Conclusion

For the foregoing reasons, the defendants' motion to dismiss, dkt. [30], is **granted**. The action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/14/2022

                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

GROVER C. MCPHAUL
1811 Greenwood Drive
Anderson, IN 46011

Matthew David Miller
TRAVELERS STAFF COUNSEL OFFICE (Indianapolis)
mmille22@travelers.com